**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY and SUBSIDIARIES,** | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-489 T** |
| **v.** | § | **The Honorable Eric G. Bruggink** |
| **THE UNITED STATES,** | § | |
| **Defendant.** | § | |

## ANSWER

Defendant, the United States, by way of Answer to the Complaint in the above-captioned case, respectfully denies each and every allegation contained therein not specifically admitted below.

Defendant further:

1. Admits the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2.

3. Admits that paragraph 3 includes a statement of plaintiff's claims, except denies that any sum has been erroneously or illegally assessed against or collected from plaintiff.

4. Avers that jurisdiction, if it exists, is by virtue of § 1491 of Title 28 of the United States Code.

5. Admits that paragraph 5 includes a statement of plaintiff's claim, except denies that there exists any contract, express or implied, pursuant to which plaintiff is entitled to recover any sum.

6. Admits that jurisdiction, if it exists, is by virtue of § 1491 of Title 28 of the United States Code.

7. Admits that paragraph 7 includes a statement of plaintiff's claim, except denies that plaintiff is entitled to recover any sum.

8. Admits that jurisdiction, if it exists, is by virtue of § 1491 of Title 28 of the United States Code.

9. Incorporates, as if fully written herein, the responses contained in paragraph 1 through 8 of this Answer.

10. Admits the allegations contained in paragraph 10, except avers that the return was filed on or about November 10, 1980.

11. Admits the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14.

15. Avers that the allegations contained in paragraph 15 are legal conclusions, to which no response is required. Avers further that the statutes referred to in paragraph 15 speak for themselves. Objects that the allegations contained in paragraph 15 fail to comply with Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are not part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "of the claim showing that the pleader is entitled to relief."

16. Avers that the allegations contained in paragraph 16 are legal conclusions, to which no response is required. Avers further that the statutes referred to in paragraph 16 speak

for themselves. Objects that the allegations contained in paragraph 16 fail to comply with Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are not part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "of the claim showing that the pleader is entitled to relief."

17. Avers that the allegations contained in paragraph 17 are legal conclusions, to which no response is required. Avers further that the statutes referred to in paragraph 17 speak for themselves. Objects that the allegations contained in paragraph 17 fail to comply with Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are not part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "of the claim showing that the pleader is entitled to relief."

18. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 18. Admits the remaining allegations contained in paragraph 18.

19. Avers that the document referred to was signed in October of 1999, and became effective on October 22, 1999, when it was signed on behalf of the Commissioner. Admits the remaining allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20.

21. Admits that the form referred to in paragraph 21, a copy of which is attached to the Complaint as Exhibit 4, was filed by plaintiff in December of 1999. Avers that the referenced document speaks for itself.

22. Admits that the referenced document identified certain overpayments and certain underpayments, and that that document included assertions and conclusions of fact respecting

amounts and periods of overlaps between underpayments and overpayments. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the various allegations and conclusions of fact included in the referenced document. Objects that the allegations contained in paragraph 22 fail to comply with Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are not part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "of the claim showing that the pleader is entitled to relief."

23. Avers that the allegations contained in paragraph 23 are legal conclusions, to which no response is required.

24. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of fact contained in the first two sentences of paragraph 24. Avers that the remaining allegations contained in paragraph 24 are legal conclusions, to which no response is required. Objects that the allegations contained in paragraph 24 fail to comply with Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are not part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "of the claim showing that the pleader is entitled to relief."

25. Except with respect to the fact admitted in paragraph 27 below, avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25. Objects that the allegations contained in paragraph 25 fail to comply with Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are not part of a "short and plain statement" of either "the grounds upon

which the court's jurisdiction depends," or "of the claim showing that the pleader is entitled to relief."

26. Admits the allegations contained in paragraph 26.

27. Admits the allegation that $32,267,222 was credited from plaintiff's 1979 module to plaintiff's 1986 module. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28. Avers that, to the extent that the allegations contained in paragraph 28 constitute legal conclusions, no response is required.

29. Avers that the allegations contained in paragraph 28 are legal conclusions, to which no response is required.

30. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30. Avers that, to the extent that the allegations contained in paragraph 30 constitute legal conclusions, no response is required. Avers that its attorneys are unfamiliar with the term "evolved" in this context.

31. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31. Avers that, to the extent that the allegations contained in paragraph 31 constitute legal conclusions, no response is required.

32. Avers that the allegations contained in paragraph 32 are legal conclusions, to which no response is required. Admits that the copy of the complaint attached as Exhibit 5 lists plaintiff as the taxpayer, with its principal office at 3135 Easton Turnpike, Fairfield, Connecticut 06431.

33. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33. Avers that the description of the document identified in paragraph 32 of the Complaint as a "refund claim" constitutes a legal conclusion requiring no response.

34. Avers that the allegations contained in paragraph 34 are legal conclusions, to which no response is required.

35. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35. Avers that the description of the document identified in paragraph 32 of the Complaint as a "refund claim" constitutes a legal conclusion requiring no response.

36. Avers that the allegations contained in paragraph 36 are legal conclusions, to which no response is required.

37. Avers that the allegations contained in paragraph 37 are legal conclusions, to which no response is required.

38. Denies the allegations contained in paragraph 38.

39. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41. Avers that, to the extent that the allegations contained in paragraph 41 constitute legal conclusions, no response is required.

42. Incorporates, as if fully written herein, the responses contained in paragraphs 1 through 41 of this Answer.

43. Avers, with respect to the first sentence of paragraph 43, that the stipulation, the decision, and/or the abatements referred to therein reflect that plaintiff overpaid its taxes for 1979 in the amount of $37,170,101. Avers that the allegations in the second sentence of paragraph 43 constitute legal conclusions, to which no response is required.

44. Denies the allegations contained in paragraph 44. Avers that, to the extent that the allegations contained in paragraph 44 constitute legal conclusions, no response is required.

45. Denies the allegations contained in paragraph 45. Avers that, to the extent that the allegations contained in paragraph 45 constitute legal conclusions, no response is required.

46. - 47. Avers that the allegations contained in paragraphs 46 and 47 are legal conclusions, to which no response is required.

48. - 49. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 48 and 49. Avers that the allegations contained in paragraphs 48 and 49 are legal conclusions, to which no response is required.

50. Avers that the allegations contained in paragraph 50 are legal conclusions, to which no response is required.

51. Incorporates, as if fully written herein, the responses contained in paragraphs 1 through 50 of this Answer.

52. Admits that paragraph 52 includes a statement of plaintiff's claim, except denies that plaintiff is entitled to recover any sum.

53. - 56. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53 through 56. Avers that, to the extent that the allegations contained in paragraphs 53 through 56 constitute legal conclusions, no response is required.

57. Avers that the allegations contained in paragraph 57 are legal conclusions, to which no response is required.

58. - 59. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 58 and 59. Avers that, to the extent that the allegations contained in paragraphs 58 and 59 constitute legal conclusions, no response is required.

60. Avers that the allegations contained in paragraph 60 are legal conclusions, to which no response is required.

FIRST ADDITIONAL DEFENSE
STATUTE OF LIMITATIONS

61. Avers that recovery by plaintiff of any sum is barred by the applicable statute of limitations including, but not limited to, 26 U.S.C. § 6511, and 28 U.S.C. §§ 2401 & 2501.

62. Avers that the amount of any recovery by plaintiff is limited by 26 U.S.C. § 6511(b).

SECOND ADDITIONAL DEFENSE
ACCORD & SATISFACTION

63. Avers that much, most, or all of the amount sought by plaintiff by the instant action has already been paid to plaintiff via refund or credit.

WHEREFORE, defendant prays the Complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp
W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief, Court of Federal Claims Section*

October 30, 2006

s/ Mary M. Abate
Of Counsel