IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-489 T
(Judge Bruggink)

GENERAL ELECTRIC COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to paragraphs 3 and 4 of Appendix A to the Rules of the United States Court of Federal Claims (RCFC), the parties submit the following information:

a. Jurisdiction.

Plaintiff: This Court has subject matter jurisdiction over Count One of the Complaint (tax refund claim) pursuant to 28 U.S.C. § 1346(a)(1), in that:

(1) the Internal Revenue Service ("IRS") erroneously and illegally assessed and collected Federal income taxes (plus interest thereon) from plaintiff for its taxable year ending December 31, 1979;

(2) plaintiff timely filed three separate refund claims within the meaning of sections 6511, 6532, and 7422 of the Internal Revenue Code of 1986 ("IRC"), 26 U.S.C.

§§ 6511, 6532, and 7422, concerning its aforementioned overpayment of taxes – namely

(i) a Petition plaintiff filed with the United States Tax Court concerning its 1979 and 1980 years in which plaintiff asserted, inter alia, it was entitled to a refund for taxable year 1979,

(ii) a Stipulation signed by plaintiff and the IRS and filed with the Tax Court, which provided, inter alia, that plaintiff had overpaid its tax liability for taxable year 1979 (Exhibit 1 to the Complaint), and

(iii) a Decision signed by plaintiff and the IRS and then entered by the Tax Court, which determined, inter alia, that plaintiff had overpaid its tax liability for taxable year 1979 (Exhibit 2 to the Complaint);

(3) the IRS never mailed to plaintiff a notice of disallowance concerning these refund claims; and

(4) the Complaint in the present case was filed over six months after the refund claims were filed by plaintiff.

The Court also has subject matter jurisdiction over Counts Two and Three of the Complaint (Account Stated Action and Global Interest Netting Action) pursuant to 28 U.S.C. § 1491(a).

Defendant: Jurisdiction, to the extent it exists, is by virtue of 28 U.S.C. § 1491.

To the extent plaintiff demands refund of an overpayment with respect to 1979, it seeks payment of an amount already credited against liabilities with respect to 1986 and 1987, and thus has sued for the wrong year. As we are unaware of any claim for refund filed with

respect to either 1986 or 1987, the court is without jurisdiction. 26 U.S.C. § 6511, and 28 U.S.C. §§ 2401 & 2501. *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269 (1931).

To the extent plaintiff demands payment of the same amount with respect to 1979 on a contract (*i.e.*, account stated) theory, alleging a contract based upon certain documents identified in paragraph 18 of the complaint, this suit is untimely. 28 U.S.C. § 2501.

To the extent that this is in fact a suit for additional overpayment interest on refunds or credits of overpayments with respect to 1979, it is not a suit for refund, but a suit founded upon a statute (i.e., § 6611, providing for the payment of interest on overpayments of tax). A suit for additional overpayment interest must be commenced within six years from the date the right of action first accrues. A right of action for overpayment interest accrues on the date the related credit or refund is allowed. This is the date that the Service authorizes the scheduling of an overassessment. *See* § 6407; *General Instrument Corp. v. United States*, 33 Fed.Cl. 4 (1995); *Barnes v. United States*, 133 Ct.Cl. 546, 137 F.Supp. 716 (1956).

Based upon the Government's present understanding of the facts of this case, it appears that it has been timely filed as a suit for additional overpayment interest with respect to 1979.

b. Consolidation. The parties do not believe that this case should be consolidated with any other case pending before this Court.

c. Bifurcation of trial. The parties agree that separate trials on the questions of liability and damages should be unnecessary in this case. The parties request that the Court first determine the question of liability. If the Court determines that plaintiff is entitled to a payment from the United States, then the parties propose that they be given a reasonable

period of time to enter into a stipulation as to the amount of such payment. If within that time period the parties find they cannot so stipulate, then the Court would be asked to resolve any dispute over the amount owed.

d. Deferral of proceedings and related cases. The parties know of no case pending before this Court or any other tribunal that would justify deferral of proceedings in this case. There are no related cases pending in this Court or any other tribunal.

e. Remand or suspension. Neither remand nor suspension will be sought.

f. Additional parties. The parties know of no additional parties who should be joined.

g. Dispositive motions.

Plaintiff: Plaintiff expects that this matter may be resolved by dispositive motions if the parties are unable to reach a settlement. The schedule for such motions depends in part upon the success of the parties in narrowing any factual disagreements. Plaintiff notes that defendant has answered many allegations of the Complaint either by pleading a lack of knowledge or information sufficient to form a belief regarding the truth of the allegation or by asserting that the allegation constitutes legal argument to which no response is required. Plaintiff intends to seek more definite responses to these allegations through the stipulation process and/or discovery, and plaintiff may request the assistance of the Court if it is unsuccessful in those efforts. Plaintiff expects any settlement or dispositive motions could be filed within 60 days after the conclusion of discovery (*see* paragraph m, below).

Defendant: Defendant believes that the issues presented by the case are susceptible of presentation to the court on cross-motions for summary judgment. Defendant expects that the parties will be able to reach agreement on a stipulation of the relevant facts.

h. Relevant factual and legal issues.

Plaintiff: In 1999, General Electric Company and Subsidiaries ("GE") and the IRS agreed to a comprehensive settlement with respect to GE's federal income tax liability for its 1979 through 1987 taxable years. Pursuant to this settlement, the parties agreed that GE had overpaid its tax liability for the years 1979 through 1985, and that GE had underpaid its tax liability for the years 1986 and 1987. Several months later, the IRS computed the interest liabilities associated with GE's 1979 through 1987 taxable years (the "Interest Calculations"). Because the Interest Calculations involved both overpayment and underpayment years, at the time the IRS commenced its work on the Interest Calculations, periods of mutual indebtedness existed, *i.e.*, there were taxable periods during which GE owed money to the IRS and the IRS owed money to GE and during which interest was both allowable to and payable by GE on equivalent overpayment and underpayment amounts. Prior to the making of the Interest Calculations, GE had timely requested that the IRS apply the global interest netting methodology authorized by IRC § 6621(d) and identified the periods of mutual indebtedness with respect to its 1979 through 1987 taxable years to which IRC § 6621(d) should be applied. Thus, as the Interest Calculations began, all of the requirements for the application of global interest netting under IRC §6621(d) had been satisfied. In performing the Interest Calculations, however, the IRS did not apply IRC §6621(d); rather, the IRS attempted to exercise its discretionary crediting authority under IRC §6402(a) and purported

to credit portions of GE's 1979 overpayment against portions of its underpayments for 1986 and 1987, thereby eliminating periods of mutual indebtedness and precluding the subsequent application of IRC §6621(d).

The issue presented in this case is whether, when all of the requirements for the application of IRC §6621(d) are satisfied, the application of IRC §6621(d) is mandatory and the IRS is thereby prohibited from exercising its discretionary crediting authority under IRC §6402(a). All three counts of the Complaint relate to this issue. It is GE's position that the application of IRC §6621(d) is mandatory when all requirements are satisfied, and therefore, the IRS was not authorized to credit portions of GE's 1979 overpayment against GE's 1986 and 1987 underpayments. Accordingly, GE contends that its 1979 overpayment must be "uncredited" and returned to GE with additional statutory interest.

Defendant: The first two counts of the complaint present the question of whether taxpayer may have refunded to it amounts already refunded or credited to plaintiff. We think not.

It appears to the Government that this is a suit for additional overpayment interest on refunds or credits of overpayments with respect to 1979. Based upon our present understanding of the facts, it also appears that the dispute between the parties arises from a difference of opinion as to the dates upon which several payments and credits were applied to 1979 for purposes of later determining which of those payments or credits was refunded.

Defendant's attorneys expect shortly to request that the Tax Division's Recomputation Specialist undertake a recomputation of interest with respect to plaintiff's 1979 year. When

complete, that recomputation may reveal presently unknown or undisclosed errors, which might in turn present additional legal or factual issues.

i. <u>Settlement</u>. Because of concerns respecting the statute of limitation, plaintiff filed the instant suit before the Internal Revenue Service, or the Chief Counsel, Internal Revenue Service, had fully reviewed their legal position respecting the legal questions presented, which counsel for the parties believe to be one of first impression. Accordingly, it is difficult to evaluate the likelihood of settlement at this time.

j. <u>Trial</u>. A trial is not presently anticipated by the parties, but if necessary, September of 2007 would be the earliest date. The length of any trial would be 2 or 3 days, and the parties request Washington, D.C. as the place for any trial.

k. <u>Electronic case management needs</u>. The parties do not anticipate any issues.

l. <u>Other Information</u>. The parties held an early meeting of counsel on November 30, 2006.

m. <u>Proposed schedule</u>. In order to permit the parties to pursue settlement, and for the Tax Division's Recomputation Specialist to review the case, the parties request that no schedule for discovery or dispositive motions be established at this time, but that the parties be required to file a status report, setting out a proposed schedule for further proceedings, on or before March 21, 2007.

Respectfully submitted,

December 19, 2006

*/s/ Patricia M. Lacey by James V. Heffernan*

PATRICIA M. LACEY
Attorney of Record
General Electric Co. and Subsidiaries
GE Corporate Taxes
12 Corporate Woods Blvd. 3rd Floor
Albany, NY 12211
Phone: (518) 433-4359 Fax: (518) 433-4360
Email: patricia.lacey@corporate.ge.com

James V. Heffernan
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004-2415
Phone: (202) 383-0141 Fax: (202) 383-3593
Email: james.heffernan@sablaw.com

Attorneys for Plaintiff

December 19, 2006

*/s/ W.C. Rapp*

W. C. RAPP
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Phone: (202) 307-0503 Fax: (202) 514-9440
Email: william.c.rapp2@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

Attorneys for Defendant