**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY and SUBSIDIARIES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-489 T** |
| **v.** | § | **The Honorable Eric G. Bruggink** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S STATUS REPORT**

Pursuant to the Order of July 27, 2007, defendant provides the following report respecting the status of the above-captioned case.

On July 26, 2007, counsel for the parties met to discuss this case. Following that meeting, by letter dated August 3, 2007, plaintiff's counsel provided us with a written explanation of plaintiff's claim. This explanation was made in response to a request made by our attorney, dated May 17, 2007, in which we provided to plaintiff a summary of the Government's understanding of plaintiff's position. Plaintiff's August 3 letter also included certain interest computations respecting the tax years 1979, 1986 and 1987. The Government, on June 27, 2007, had sent to plaintiff draft computations for 1979.

Defendant's attorneys believe that it will probably be necessary for there to be further computations performed both for 1979 (the year apparently in suit), and for 1986 and 1987 (years which plaintiff claims are also affected by plaintiff's claim). Plaintiff's claim involves the

assertion that when the Internal Revenue Service credited an overpayment of plaintiff's corporate tax with respect to one year against outstanding deficiencies that existed with respect to other periods, that this action was in error, and that "interest netting" computations (see § 6621(d) of the Internal Revenue Code) ought to first have been performed instead. At the July 26 meeting, plaintiff's attorney confirmed that plaintiff has not prepared any interest netting computations for this case. The Government has requested that the Internal Revenue Service locate and provide to us copies of certain documents which are believed to be necessary in order to perform accurate and comprehensive computations for those periods affected by plaintiff's claim. We have also requested that plaintiff provide us with these documents. Plaintiff's counsel has not agreed to do so.

Defendant's attorneys are reviewing the material that plaintiff included in its letter of August 3. For the reasons set out above, it is impossible to predict at this time when it will be feasible to enter into a stipulation of facts. For the same reasons, it is difficult to evaluate the settlement potential of this case. Under the circumstances, we propose to submit a further report respecting the status of our work on this case in 60 days, on or before October 9, 2007.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

RICHARD T. MORRISON
*Acting Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief, Court of Federal Claims Section*

August 10, 2007

s/ Mary M. Abate
Of Counsel