**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY and SUBSIDIARIES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-489 T** |
| **v.** | § | **The Honorable Eric G. Bruggink** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

**MOTION OF THE UNITED STATES TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant, the United States, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims, respectfully moves the Court to dismiss the Complaint with prejudice. As good cause therefor, defendant states that, even assuming that the allegations in the Complaint are true, it fails to state a claim upon which relief can be granted, as more fully explained hereafter.

This is a suit alleged to be for a refund of tax or, in the alternative, for additional overpayment interest. It presents the following legal question:

> In the case of an overpayment with respect to plaintiff's tax year 1979, may the Internal Revenue Service credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of plaintiff with respect to its tax years 1986 and 1987?

Plaintiff seeks to recover an overpayment of federal corporate income tax with respect to its 1979 taxable year either directly as a refund of that tax, or indirectly as a consequence of an alleged contract with the Government for refund of the overpayment. In the alternative, plaintiff

seeks additional interest on that tax overpayment. The amount plaintiff seeks to recover – $37,170,101 – has already been paid to plaintiff by credit to its 1986 and 1987 undisputed tax liabilities. According to the Complaint, both plaintiff's claims for refund of tax and its claim for additional overpayment interest depend upon what plaintiff contends is the legal invalidity or impermissibility of that crediting. Since the payment to plaintiff of its 1979 tax overpayment via credit to other years was wholly proper, and entirely within the discretionary authority of the Commissioner, all of plaintiff's claims must fail.

STATEMENT

In April of 1992, the Commissioner of Internal Revenue mailed to General Electric a statutory notice of deficiency with respect to its 1979 taxable year. Complaint ¶ 13. Plaintiff chose to dispute this proposed deficiency by filing a petition for a redetermination with the United States Tax Court. Complaint ¶ 14. In September, 1999, the Tax Court entered a decision, based upon a stipulation of the parties, determining that General Electric had an overpayment of tax for 1979 in the amount of $37,170,101 (exclusive of interest). Complaint ¶ 18; Complaint Exhibits 1 & 2.

Also in September, 1999, General Electric and the Internal Revenue Service agreed that G.E. was liable for deficiencies (underpayments) of its corporate income tax for the years 1986 and 1987 in the amounts of $70,617,583 and $401,813,144, respectively. Complaint ¶ 19. This agreement was memorialized by execution of a Form 870-AD, "Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment." Complaint Exhibit 3.

In August of 2000, the Internal Revenue Service posted an abatement (*i.e.*, a reduction in plaintiff's tax liability) to plaintiff's income tax account for 1979 in the amount of the tax overpayment that had been determined by the Tax Court, $37,170,101. Complaint ¶ 26. At the same time, deficiency interest that had previously been assessed ($3,772,301) was also abated, and overpayment interest in the amount of $43,993,361 was credited to the account. Complaint ¶¶ 26, 27. These actions resulted in an overpayment for 1979 in the total amount of $84,935,763. This overpayment was applied in partial payment of the tax deficiencies for 1986 and 1987 to which plaintiff had agreed, in the amounts of $32,267,222 (applied to 1986) and $52,668,541 (applied to 1987), pursuant to Code § 6402. Complaint ¶ 27.

The Complaint consists of three counts. In Count I, plaintiff contends that the crediting of its 1979 overpayment, including interest allowed thereon, against plaintiff's liability in respect of its income tax for 1986 and 1987 was "null, void and ineffective." Complaint ¶ 29. Plaintiff contends that it "is entitled to a refund of income taxes for its taxable year 1979 in the amount of $37,170,101" plus statutory interest, because no part of that overpayment "has been repaid or properly credited to another taxable year." Complaint ¶ 38. In Count II, plaintiff contends that it has a contract with the United States, and that the Government "has breached its contract with plaintiff by illegally purporting to credit plaintiff's $37,170,101 overpayment for 1979 (together with interest) against portions of the unpaid deficiencies asserted by the IRS for plaintiff's 1986 and 1987 taxable years." Complaint ¶ 44. Finally, in Count III, plaintiff contends that "as a consequence of the purported crediting by the IRS referred to in paragraph 27," it has not been

paid the amount of interest on the 1979 overpayment which (plaintiff contends) it would have been paid, had the crediting not taken place. [1/] Complaint ¶¶ 52, 54 - 56.

ARGUMENT

The overpayment of tax that plaintiff seeks to have refunded (or paid to it pursuant to a contract) has already been repaid, by having been credited to pay undisputed deficiencies for 1986 and 1987. Accordingly if – contrary to plaintiff's contention – that crediting was legally proper, then plaintiff's claims to be entitled to have that overpayment refunded must fail. Similarly, plaintiff's alternative claim respecting additional overpayment interest, which plaintiff contends also depends upon the alleged invalidity of the crediting, must necessarily fail if that crediting was in accord with law. Because what plaintiff describes as the "purported" crediting was undertaken wholly in accord with law, and was not null, not void, and not ineffective, all of plaintiff's claims must fail.

Section 6402(a) of the Internal Revenue Code provides:

**SEC. 6402. AUTHORITY TO MAKE CREDITS OR REFUNDS.**

> (a) GENERAL RULE.– In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d) and (e), refund any balance to such person.

---

[1/] The instant motion does not address the merits of plaintiff's computation of overpayment interest. That is, it does not seek to resolve the question of damages. As the Court is aware, the Government has spent a considerable amount of time trying to analyze and fully understand those computations. We have not been entirely successful. Since plaintiff plainly contends that those computations rest on the legal conclusion that the Commissioner was without authority to make the credit described in paragraph 22 of the complaint, we have concluded that the interests of conservation of the Court's and the parties' resources will best be served by resolving the question of the Commissioner's authority without descending into the painfully complex (and ultimately unnecessary) exercise of parsing those computations.

Plaintiff does not dispute that there was an overpayment of tax with respect to 1979. Plaintiff does not dispute that the deficiencies in income tax with respect to 1986 and 1987 were liabilities in respect of an internal revenue tax. Plaintiff does not dispute that plaintiff was the person who made the overpayment, and was liable for the underpayments. Nor does plaintiff contend that the Commissioner's action was taken outside of the applicable period of limitations. In these circumstances, § 6402(a) grants to the Internal Revenue Service plenary discretionary authority to credit that overpayment against those underpayments. The plain language of the statute admits of no other interpretation, and includes no conditions or limitations on the authority it grants: if the factual predicate it posits actually exists, the Commissioner may credit (rather than refund) a tax overpayment. This he has done in the instant case. And that is the end of it.

To our knowledge, no court has ever overturned a credit made by the Commissioner pursuant to § 6402(a), nor required that a credit be made, in the face of the Commissioner's inaction. Instead, every court that has ever considered the question has upheld the Commissioner's exercise of his discretion. And this in a wide range of contexts. The leading case construing the scope of § 6402(a) is *Northern States Power Co. v. United States*, 73 F.3d 764 (8th Cir. 1996). There, the trial court had held that the taxpayer:

> . . . was entitled to have the interest on its tax refunds computed by offsetting, or "netting," its tax underpayments in 1980, 1983, and 1984 against its overpayments in 1981 and 1982. This "netting" approach eliminates the expensive – for NSP – effect of a one per cent. difference between the interest rates on overpayments and underpayments, that is, between what the Government pays and what it earns.

73 F.3d at 764-65. The Court of Appeals noted that the sort of netting sought by the taxpayer was available where the Commissioner had *in fact* credited overpayments against underpayments:

> So, the IRS may credit a taxpayer's overpayments against its underpayments and thereby sidestep the effect of Section 6621's interest-rate gap. But must it do so in this case?

73 F.3d at 766. The answer depended upon the proper interpretation of § 6402(a). The Eighth Circuit held that because at the time the overpayments were outstanding there were, in fact, no outstanding underpayments (they having been previously satisfied by other payments), the conditions of 6402(a) had not been met, and no credit could have been made. But the court went on to hold (73 F.3d at 767):

> But even assuming such a liability, the IRS has discretion whether to credit an overpayment to that liability or not. Section 6402 is clear: the IRS "may credit the amount of such overpayment ... against any liability." *See, e.g., In re Ryan*, 64 F.3d 1516, 1523 (11th Cir.1995) ("[Section 6402], plainly gives the IRS the discretion to apply overpayments to any tax liability."); *Pettibone Corp. v. United States*, 34 F.3d 536, 538 (7th Cir.1994) (statute "leaves to the Commissioner's discretion whether to apply overpayments to delinquencies or to refund them to the taxpayer"); *Estate of Bender v. Commissioner*, 827 F.2d 884, 887 (3d Cir.1987) (discretionary power under § 6402(a) "rests exclusively with the IRS").

The decision in *Northern States Power* has since been relied upon by both this court and the Tax Court. *See, Georgeff v. United States*, 67 Fed.Cl. 598, 608 (2005) ("From the plain language of the statute, the IRS has no obligation to credit any individual's tax overpayment to specific preexisting outstanding tax liabilities upon the taxpayer's request. The statute, 26 U.S.C. § 6402, gives the IRS the discretionary authority to credit tax overpayments to any tax liability."); *Sunoco, Inc. v. Commissioner*, 122 Tax Ct. 88, 101 (2004) ("The Commissioner cannot be compelled to credit an overpayment against a liability of the taxpayer.")

The breadth and depth of the discretion granted by § 6402 may be illustrated by reviewing some of the other circumstances in which it has been upheld. In *Estate of Bender v. Commissioner*, 827 F.2d 884 (3rd Cir. 1987), cited by *Northern States Power*, the executrix had

included among the assets of the estate certain income tax overpayments which, while owed to decedent, had not been refunded at the time of decedent's death. Such treatment could be correct, of course, only if the estate had a recognizable property interest in the refund of the overpayment. The Third Circuit held instead (at 887) (footnote omitted):

> Under 26 U.S.C. § 6402(a), the discretionary power to offset the Testator's net annual overpayments against his net annual liabilities from other years rests exclusively with the IRS. The Testator did not have an affirmative right to compel the IRS to issue a refund for those years in which he had overpaid his taxes. Any hope that the Testator may have had that his overpayments would be refunded, rather than offset against his liabilities, therefore, was a mere expectancy that did not rise to the level of a property interest. We conclude, contrary to the conclusion of the Tax Court, that the Testator's net tax overpayments for individual years never attained the status of independent assets for estate tax purposes.

The Estate was without any recognizable right because the statute conferred upon the Commissioner complete discretion to credit (rather than refund) or not to credit (and instead refund) the overpayment.

In very different circumstances, the Eleventh Circuit reversed a bankruptcy court's determination that its debtor could direct the application of a tax overpayment. *In re Ryan*, 64 F.3d 1516 (11th Cir. 1995), also relied upon by *Northern States Power*. And, in so doing, the court rejected the debtor's argument that the Government had administratively restricted the unfettered discretion granted by Congress in § 6402(a) (64 F.3d at 1523):

> Because both parties agree that the statute, § 6402(a), plainly gives the IRS the discretion to apply overpayments to any tax liability, the issue in this case is a narrow one: whether the IRS, despite this statutory grant of authority, has administratively decided to restrict its discretion and abide by the voluntary payment rule when a taxpayer makes an overpayment. Whatever may be the situation with tax payments other than overpayments-a question we need not address-we hold that the government has convincingly demonstrated that the IRS has not administratively restricted its authority to decide how to allocate overpayments.

The court observed that in the one instance where the statute provided for the possibility of taxpayer input regarding refund or credit of an overpayment (application of an overpayment claimed on a return against the next succeeding year's taxes, as provided by § 6402(b)) the Treasury Regulations permitted the taxpayer's expressed preference to be overridden (64 F.3d at 1523-24):

> The regulations do provide that a taxpayer can instruct the IRS to credit his overpayment against the estimated tax for the taxable year immediately succeeding the overpayment. 26 C.F.R. § 301.6402-3(a)(5) (1994). However, the regulations also provide that the IRS may override that election and apply the overpayment against "any outstanding liability for any tax ...." 26 C.F.R. § 301.6402-3(a)(6)(i) (1994).
>
> The Treasury Regulations, therefore, contradict the Ryans' position that the IRS has chosen to restrict its statutorily granted discretion to control the allocation of overpayments. To the extent that the IRS has decided to give a taxpayer any ability to designate the application of overpayments, it has limited the taxpayer to requesting a credit for the succeeding tax year, and even that request can be refused by the IRS.

Thus, the Government has done nothing administratively (via Treasury Regulation or otherwise) to restrict or inhibit the broad discretion granted by § 6402(a).

Other courts, in other contexts, have reached the same conclusion. In *Hutchinson v. United States*, 677 F.2d 1322, 1326 (9th Cir.1982), for example, the taxpayer argued that in order to satisfy the "full payment rule" [2/] he was entitled to treat an overpayment for one year as if it had been credited against an otherwise unpaid liability for the suit year. The Ninth Circuit disagreed. 677 F.2d at 1325-26. *Shannahan v. United States*, 47 F.Supp.2d 1128 (S.D. Cal. 1999) is similar. *See also, Kalb v. United States*, 505 F.2d 506, 509 (2d Cir.1974); *O'Bryant v.*

---

[2/] Where a taxpayer has not fully paid the tax in question (for example, the entire amount of income tax assessed for the relevant year), there is no jurisdiction to hear a suit for refund of any part of the tax liability for that tax for that year. *Flora v. United States*, 362 U.S. 145 (1960).

*United States*, 845 F.Supp. 1270, 1273 (C.D. Ill. 1994); *Acker v. United States*, 519 F.Supp. 178, 182 (D. Ohio, 1981); *Richmond v. Commissioner*, T.C. Memo. 2005-238, 90 T.C.M. (CCH) 383 (2005). Examples could be multiplied, but to no particular additional profit.

All of plaintiff's arguments depend – according to plaintiff – upon there being some impediment to the Commissioner's crediting of plaintiff's 1979 overpayment. Inasmuch as the law is otherwise, the Complaint fails to state a claim upon which relief can be granted, and should be dismissed, with prejudice.

WHEREFORE, defendant prays that its motion be granted, and that the Complaint be dismissed, with prejudice, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503 / Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief, Court of Federal Claims Section*

February 7, 2008

s/ Mary M. Abate
Of Counsel