**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY and SUBSIDIARIES,** | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-489 T** |
| **v.** | § | **The Honorable Eric G. Bruggink** |
| **THE UNITED STATES,** | § | |
| **Defendant.** | § | |

**OPPOSITION OF THE UNITED STATES TO PLAINTIFF'S MOTION TO STRIKE**

On March 10, 2008, plaintiff filed a document entitled "Plaintiff's Motion to Strike Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted and Opposition to Defendant's Motion." Part I of that document (pp. 1-2), entitled "Motion to Strike - Defendant's 12(b)(6) Motion to Dismiss is Untimely," contains plaintiff's motion to strike, filed pursuant to RCFC 12(f). [1/] This Opposition responds to plaintiff's Part I (motion to strike). [2/]

[1/] We note in passing that RCFC 12(f) permits a motion to strike with respect to a "pleading," and the Court's Rules distinguish between "pleadings" and other submissions, such as the Government's motion to dismiss. *See, e.g.,* RCFC 5, 7, 11.

[2/] Part II (pp. 2-19) of the document filed by plaintiff on March 10, 2008, entitled "Plaintiff's Opposition to Defendant's Motion to Dismiss - Plaintiff's Complaint States a Claim upon Which Relief Can Be Granted," contains plaintiff's opposition to defendant's motion to dismiss. Defendant's Reply to plaintiff's Part II (opposition to our motion to dismiss) will be filed on March 27, 2008.

Rule 12(f) states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Plaintiff's motion to strike does not allege that defendant's motion to dismiss is objectionable under the standard of Rule 12(f). It simply argues that the motion came too late, because it was not made before the filing of the answer to the complaint. Although RCFC 12(b) states that a defense of failure to state a claim shall be made before pleading, the law is clear that such a defense may be made at any time in the proceeding:

> Plaintiff also alleges that because the defenses of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted were not raised in defendant's answer, they were waived. However, this court's rules permit such defenses to be raised at various points in the proceedings. . . .

*Wertz v. United States*, 51 Fed. Cl. 443, 445, n.2 (2002 (citing RCFC 12(h)(2) and 12(h)(3)). *See Grass Valley Terrace v. United States*, 69 Fed. Cl. 341, 346, n.2 (2005); *Kane v. United States*, 26 Cl. ct. 655, 658 (1992). [3/]

Plaintiff implicitly acknowledges this point, and underscores the fact that there is no prejudice here, by suggesting that the Court may choose to treat defendant's 12(b)(6) motion as a motion for judgment on the pleadings under RCFC 12(c), and then to apply the same standard as that for deciding a motion to dismiss. In short, plaintiff fails to explain how granting its motion

---

[3/] The only case cited by plaintiff on the "untimeliness" issue–*Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573 (Fed. Cir. 1993)–was a patent case in which the Federal Circuit was applying the law of the Court of Appeals for the Ninth Circuit.

to strike would make any difference, except to delay dismissal of the Complaint, which fails to set out a claim upon which relief can be granted. *See* Rule 12(h)(2).

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503 / Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief, Court of Federal Claims Section*

March 24, 2008

s/ Mary M. Abate
Of Counsel