**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY and SUBSIDIARIES,** | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-489 T** |
| **v.** | § | **The Honorable Eric G. Bruggink** |
| **THE UNITED STATES,** | § | |
| **Defendant.** | § | |

**SUR-RESPONSE OF THE UNITED STATES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant, the United States, pursuant to the Order of September 5, 2008, provides this response to plaintiff's Surreply, filed August 27, 2008.

As we explained in our original Motion to Dismiss, [1/] in September of 1999, the Tax Court determined that there had been an overpayment of General Electric's income taxes for 1979 in the amount of $37,170,101 (exclusive of interest). Complaint ¶ 18; Complaint Exhibits 1 & 2. At about the same time, General Electric and the Internal Revenue Service agreed that plaintiff was liable for deficiencies (underpayments) of its corporate income tax for the years 1986 and 1987 in the amounts of $70,617,583 and $401,813,144, respectively. Complaint ¶ 19. In August of 2000, the Internal Revenue Service took the administrative steps necessary to

[1/] "Motion of the United States to Dismiss the Complaint for Failure to State a Claim upon Which Relieve Can Be Granted," filed February 7, 2008. Hereafter "Motion to Dismiss."

implement these determinations, and applied the 1979 overpayment in partial payment of the tax deficiencies for 1986 and 1987. Complaint ¶ 27.

This crediting was made pursuant to the authority granted to the Commissioner of Internal Revenue by § 6402(a) of the Internal Revenue Code, which provides in pertinent part as follows:

> In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person.

The Complaint makes clear that if this crediting by the Commissioner is legally permissible, then plaintiff's case must fail. *See, e.g.,* Complaint ¶¶ 29, 38, 44, 52, 54-56. And plaintiff has not disputed that this is so. Thus, the question before the Court is whether the Commissioner was permitted to make the credits.

In our Motion to Dismiss we argued that if the plain language of § 6402(a) were found insufficiently persuasive, there are numerous cases holding that the discretion granted to the Commissioner is well-nigh unreviewable, while there are no cases overturning such a credit. Motion 5-9. In plaintiff's Opposition, [2/] General Electric countered that there were many cases overturning such credits. Plaintiff's Opposition at 13-16. In our Reply, [3/] the Government analyzed the cases cited by plaintiff, and concluded that while each of them reviewed a credit for

---

[2/] Plaintiff's Motion to Strike Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Opposition to Defendant's Motion," filed March 10, 2008. Hereafter, "plaintiff's Opposition."

[3/] "Reply of the United States in Support of its Motion to Dismiss the Complain for Failure to State a Claim Upon Which Relief Can be Granted," filed March 27, 2008. Hereafter "Reply."

compliance with the requirements of § 6402(a) (to wit, an outstanding overpayment, an outstanding underpayment, and crediting within the statute of limitations), none had reversed a credit made by the Commissioner, once the court had satisfied itself that those requirements had been met. The sole exception being instances where by compromise or other agreement, the Commissioner had bound himself to a different course. Reply at 12 - 19.

Plaintiff's Surreply [4/] argues that the Government's analysis is in error with respect to a single case, *Snyder v. United States*, 630 F. Supp. 182 (D.Md. 1986). Plaintiff argues that in *Snyder*, despite the fact that the requirements of § 6402 had been met, that court nevertheless overturned a credit that had been made by the Commissioner. Plaintiff does not dispute the existence of an outstanding overpayment, nor that the credit was made within the applicable period of limitation. Instead, plaintiff argues that, in *Snyder*, there existed an underpayment to which – by the terms of § 6402 – that overpayment could have been applied. Since the *Snyder* court refused to permit the credit, plaintiff argues, that precedent punches a hole (however tiny) in the Government's position. Plaintiff also argues that *Snyder* stands for the proposition that the Congressional policy underlying one provision of the Internal Revenue Code may be used to limit or overturn the express terms of a different provision. Plaintiff is wrong on both points.

A precedent is only useful to resolving a legal question to the extent that its reasoning is analogous, helpful, and persuasive. Plaintiff does not argue that the reasoning of the *Snyder* court is of assistance to plaintiff's case, but instead argues that the court in *Snyder* could have – and, according to plaintiff, should have – reasoned differently and, if it had, then the *Snyder*

[4/] "Plaintiff's Surreply to Defendant's Reply in Support of Defendant's Motion to Dimiss Under Rule 12(b)(6), hereafter "Plaintiff's Surreply."

decision would be contrary to the Government's position. Thus, if the *Snyder* court had concluded that there was an outstanding underpayment to which the overpayment could have been applied, then it's conclusion overturning that crediting would stand contrary to the Government's argument. But the court in *Snyder* concluded otherwise. It concluded that an overpayment cannot be applied to tax liabilities that are not yet due (630 F.Supp. at 184) (emphasis added):

> The issue in the present case is whether § 6402 should apply to a situation where payment of the tax is deferred by law for ten years. The Court concludes it should not.
>
> * * * * *
>
> The plaintiff asserts that if § 6402 and the accompanying regulation are to be interpreted in the manner suggested by the Internal Revenue Service, it would totally negate the benefits of deferred payments confirmed under § 6166. The plaintiff suggests that the proper application of § 6402 is to credit overpayments against taxes *then due* – not to liabilities which by law become due in the future. The Court is persuaded by the merits of this argument.

Thus, as we noted in our Reply, *Snyder* does not stand for the proposition that the Commissioner's invocation of § 6402 may be reviewed to determine if some other statutory provision might place the taxpayer in a more advantageous position. Instead, *Snyder* holds only that other provisions of law may be consulted to determine if the explicit conditions of § 6402 have been met. The *Snyder* decision concludes that where the statute provides that a liability is not yet due to be paid, then the authority granted by § 6402 cannot be used to require that it be paid.

While plaintiff argues (Surreply at 3-4) that this conclusion of the *Snyder* court was in error, and that (as a matter of law) there actually *was* an outstanding underpayment, that is unhelpful to resolution of the instant case. Regardless whether *Snyder* was wrong in its

conclusion that there was no currently due liability, it cannot be disputed that *Snyder* clearly held that there *was* no such currently liability in the circumstances of that case. And that conclusion must be understood to have led to that court's holding that the purported credit should not stand. Litigants cannot cut and paste a precedent – substituting desirable reasoning for that found unhelpful – and then rely upon the resulting new, improved edition. *Snyder* is thus of no assistance to plaintiff, and is not contrary to the Government's position in the case at bar.

Plaintiff also relies on the *Snyder* court's observation that its conclusion would avoid the "'‘inherent injustice'" of the denial of 'a very valuable right' that Congress intended to grant to the taxpayer." Surreply at 5. Presumably, plaintiff means by this reference that plaintiff herein has similarly been denied "a very valuable right," and the plain language of § 6402(a) should not stand in the way of plaintiff's enjoyment thereof. But whatever may have been the advantages that might have been denied to the estate in *Snyder*, no benefit that Congress intended to grant has been denied to General Electric. All agree that the purpose of interest netting pursuant to § 6621(d) is to relieve taxpayers of the burden of the disadvantageous differential interest rates on overpayments and underpayments during periods of overlap. The device by which § 6621(d) accomplishes this (in the factual circumstances to which it applies) is to compute interest so that the net rate becomes zero. But when interest is computed after a credit pursuant to § 6402, not only does the net rate imposed on both the overpayment and underpayment "net out" to zero, but the actual interest rate imposed on both the underpayment and the overpayment, during the period of overlap, is itself *actually* zero. No interest is paid or charged at all. See § 6601(f) and 6611 (b)(1); Govt. Reply at 5 - 8. Thus, the policy, purpose, and Congressional intent of § 6621(d) is fulfilled.

The question before the Court is whether the words of § 6402(a), that "the Secretary, within the applicable period of limitations, may credit the amount of such overpayment" mean that the Secretary, within the applicable period of limitations, may credit the amount of such overpayment.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503 / Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
STEVEN I. FRAHM
*Acting Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief, Court of Federal Claims Section*

September 12, 2008

s/ Steven I. Frahm
Of Counsel